IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAFAEL PRIETO #843320 | § | |
| v. | § | CIVIL ACTION NO. 6:08cv226 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Rafael Prieto, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Prieto complains of two disciplinary cases which he received at the Wynne Unit of TDCJ-CID, in which he lost good time and which he says could have an adverse impact upon his release on parole. After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because Prieto did not show that he had successfully exhausted his habeas corpus remedies. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998); Edwards v. Balisok, 117 S.Ct. 1584, 1587-88 (1997). The Magistrate Judge stated that habeas corpus is the proper means by which inmates may challenge prison disciplinary cases, because good time credits could impact the length of the prisoner's confinement.

Prieto filed objections to the Magistrate Judge's Report on November 12, 2008. In his objections, he says that he did file a habeas corpus petition in the U.S. District Court for the Southern District of Texas, but that this petition was dismissed without prejudice because he failed to state that

1

the disciplinary cases had been given to him in retaliation. He asks that the cases be overturned, but says that he has "never asked for the restoration of good time credits."

In fact, Prieto's habeas corpus petition in the Southern District was dismissed with prejudice because Prieto failed to show the deprivation of a constitutionally protected liberty interest under Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Prieto v. Quarterman, civil action no. H-08-0952 (S.D.Tex., dismissed April 4, 2008, no appeal taken). Thus, Prieto has not met the requirements of Balisok because he has not shown that his habeas remedies have been successfully exhausted; in other words, he has not shown that the challenged disciplinary cases have been overturned, set aside, or otherwise expunged.

Furthermore, as in his habeas corpus petition, Prieto has not shown that he has been deprived of a constitutionally protected liberty interest through the two disciplinary cases complained of. The Fifth Circuit has held that in determining whether state action has violated an individual's right to procedural due process, the district court must first address whether or not the state action has deprived the person of a protected life, liberty, or property interest. Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984). Because Prieto has made no showing of such a deprivation, his procedural due process claim is without merit, whether brought in the form of a Section 1983 lawsuit or a habeas corpus petition under 28 U.S.C. §2254. Prieto's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice until such time as the disciplinary cases about which Prieto complains have been overturned, set aside, or otherwise expunged. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 24th day of November, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**